UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARBARA BORKOWSKI,**

    **Plaintiff,**

                                                  Case No.:

**v.**

**ASSOCIATION LAW GROUP and
CONCORD STATION, LLP,**

    **Defendants.**

_____/

**COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, BARBARA BORKOWSKI (hereinafter referred to as "Ms. Borkowski" or "Plaintiff"), hereby sues ASSOCIATION LAW GROUP (hereinafter referred to as "ALG"), and CONCORD STATION, LLP, (hereinafter referred to as "Concord Station") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors.

2.    The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## COMMON FACTUAL ALLEGATIONS

5. Plaintiff, Barbara Borkowski, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

6. ALG is a law firm providing debt collections services throughout the State of Florida, including Pasco County, Florida.

7. ALG is a debt collector because it is a law firm that regularly tries to obtain payment of consumer debts through legal proceedings and regularly attempts to collect those debts.

8. ALG purports to provide legal representation to its client, Concord Station.

9. Concord Station, LLP, a Florida limited liability partnership, ("Concord Station") formerly operated the Concord Station Club and routinely billed and collected money from neighborhood residents for monthly club dues, in Pasco County, Florida.

10. On or about November 30, 2020, ALG sent Ms. Borkowski a notice of intent to record claim of lien wherein ALG demanded payment, on behalf of Concord Station, in the amount of $7,292.84 (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

11. The Demand Letter seeks payment of $4,636.68 from Ms. Borkowski for attorney's fees and costs (the "Alleged Consumer Debt").

12. The Demand Letter states that payment for the Alleged Consumer Debt is sought on behalf of Concord Station.

13. The Demand Letter states that if payment is not made pursuant to the Demand Letter within thirty (30) days, then a claim of lien will be filed, and legal action will be brought, on behalf of Concord Station against Ms. Borkowski.

14. In fact, Concord Station is not a registered entity in Florida.

15. As Concord Station is not a registered entity in Florida, it has no authority to file a legal action in the State of Florida.

16. On or about February 4, 2021, ALG sent Ms. Borkowski a delinquent club dues demand stating that ALG intends to foreclose a lien on behalf of Concord Station if payment is not made (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

17. On or about February 5, 2021, Ms. Borkowski received notice of a claim of lien filed by ALG on behalf of Concord Station in the amount of $2,636.46. A true and

correct copy of the Claim of Lien is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

18. On or about February 23, 2021, Ms. Borkowski attempted to resolve this matter with ALG, through her undersigned counsel.

19. On or about March 3, 3021, ALG sent another letter seeking to collect payment from Ms. Borkowski on behalf of Concord Station (the "Third Demand Letter"). A true and correct copy of the Third Demand Letter is attached hereto as Exhibit "D" and its contents are incorporated by reference herein.

20. The Third Demand Letter demands payment of $8,469.21 for the Alleged Consumer Debt, of which $6,250.95 is for attorney's fees and costs.

21. The Third Demand Letter demands payment be made on behalf of Concord Station; however, Concord Station is not a legal entity and has no authority to bring a legal action.

22. Section 12 of the Association Declaration provides that "…[C]lub Owner shall be entitled to recover all of its **_reasonable_** costs and attorneys' and paraprofessional fees at all levels, including appeals, collections and bankruptcy."  Emphasis supplied.

23. A breakdown of the attorney's fees and costs allegedly incurred, as provided in the Third Demand Letter, shows that only minimal legal work has been done on this file.

24. Indeed, as of November 30, 2020, the date of the First Demand Letter, the attorney's fees add up to only $1,445.43 on the ledger; however, the First Demand Letter demands payment of attorney's fees and costs in the amount of $4,636.68.

25. Thus, the First Demand Letter demands payment of more than three (3) times the amount of attorney's fees actually incurred.

26. Pursuant to the ledger contained in the Third Demand Letter, ALG charged Ms. Borkowski an additional $4,022.26 for attorney's fees for legal work allegedly performed on March 2, 2021. $3,750 of the amount charged to Ms. Borkowski on this day was for "attorney review of file."

27. It is completely unreasonable to charge such a high amount in one day to review such a small file.

28. ALG had no right or basis to threaten to foreclose a lien against Ms. Borkowski on behalf of Concord Station because Concord Station is an unregistered entity and ALG could not have instituted a legal action on their behalf.

29. In addition, ALG had no legal right or basis to threaten to bring a legal action against Ms. Borkowski for failure to pay exorbitant legal fees which are completely unreasonable and in direct contravention of the reasonableness requirement contained in the declaration of the association.

30. ALG knew that such charges for attorneys' fees and costs were unreasonable, improper, illegal, and not owed.

31. The First Demand Letter, Second Demand Letter and Third Demand Letter (collectively the "Demand Letters") are misleading because they give a false impression of the character of the Consumer Debt.

32. The Demand Letters hide the true character of the Alleged Consumer Debt and impairs Ms. Borkowski's ability to knowledgeably assess the validity of the Alleged Consumer Debt.

33. The Demand Letters are misleading on their face.

34. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Ms. Borkowski vs. Association Law Group)
### (Violation of the FDCPA)

35. Ms. Borkowski incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

36. This is an action against ALG for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

37. The Alleged Consumer Debt at issue in this action is consumer debt within the meaning of the FDCPA. This is so because it allegedly for homeowner association dues relating to Ms. Borkowski's residential real property and thereby created an obligation for Ms. Borkowski to pay money arising out of a transaction in which the money, that is the subject of the transaction, was primarily for personal, family, or household purposes, namely relating to her homestead.

38. Ms. Borkowski is a natural person that was the borrower of and obligated to pay the Alleged Consumer Debt.

39. ALG is a debt collector within the meaning of the FDCPA. This is so because:

   a. ALG is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Demand Letters; and

   b. ALG's principal business purpose is the collection of debts, as ALG regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Alleged Consumer Debt on behalf of Concord Station in this action; and

   c. ALG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Demand Letters on behalf of Concord Station in this action.

40. The Demand Letters are attempts to collect the Alleged Consumer Debt.

41. The Demand Letters include completely unreasonable charges or attorney's fees and costs which were: (i) over three (3) times the amount of fees actually incurred over what was demanded pursuant to the First Demand Letter; (ii) increased by $4,636.68 for one (1) day of legal work to review a file; and (iii) are certainly not reasonable or in accordance with the declaration of the association.

42. The Demand Letters include threats of legal action to be taken by Concord Station when in fact Concord Station is not a registered Florida entity and had no legal

right or authority to bring legal action against Ms. Borkowski, either now or when the threats were made.

43. ALG had actual knowledge of the Demand Letters as it knew (i) that its client, Concord Station was not a legal entity; and (ii) that the amount ALG purportedly charged in attorney's fees and costs on this file was completely unreasonable, excessive, and inflated, yet still knowingly sent, or caused to be sent, the Demand Letters.

44. The illegal amounts sought in the Demand Letters are substantial and material.

45. The Demand Letters are misleading because they give a false impression of the character and/or amounts of the Alleged Consumer Debt.

46. The Demand Letters hide the true character and/or amounts of the Alleged Consumer Debt and/or impair Ms. Borkowski's ability to knowledgeably assess the validity of the Alleged Consumer Debt.

47. The Demand Letters are a false representation as to the correct legal amounts owed regarding the Alleged Consumer Debt and an attempt to collect illegal lease attorney fees and costs.

48. As a result of ALG's conduct as described herein, ALG has violated 15 U.S.C. §1692(d), 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A) and (B), 15 U.S.C. §1692(e)(5), 15 U.S.C. §1692(f) and/or 15 U.S.C. §1692(f)(1) which provide:

> *§1692(d) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> > *(2) The false representation of—*
> > *(A) the character, amount, or legal status of any debt; or*
> > *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
>
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> > *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

49. As a result of ALG's debt collection misconduct as described herein, Ms. Borkowski has suffered injuries, including but not limited to negative remarks on credit, emotional distress, and anxiety attacks.

50. Ms. Borkowski is: (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, BARBARA BORKOWSKI, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory

damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## **COUNT II**
**(Ms. Borkowski vs. Association Law Group)**
**(Violation of the FCCPA)**

51. Ms. Borkoswki incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

52. This is an action against ALG for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

53. At all times material hereto: (a) Ms. Borkowski is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA, namely homeowner association fees and other associated fees related to Ms. Borkowski's homestead property; and (c) Ms. Borkowski is a 'person' within the meaning of the FCCPA.

54. The Alleged Consumer Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Ms. Borkowski for personal, family or household purposes, namely purported fees related to Ms. Borkowski's residence.

55. ALG is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

56. At all times material hereto, the agent(s) or employee(s) of ALG acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of ALG.

57. ALG engaged in consumer debt collection activities against Ms. Borkowski regarding amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

58. The Debt Collection Conduct includes ALG's wrongful attempts to collect the Alleged Consumer Debt from Ms. Borkowski.

59. The Debt Collection Conduct includes the Demand Letters ALG sent to Ms. Borkowski.

60. The Demand Letters constitute "communication" as defined by Florida Statutes, §559.55(5).

61. The Demand Letters include completely unreasonable charges for attorney's fees and costs which were: (i) over three (3) times the amount of fees actually incurred over what was demanded pursuant to the First Demand Letter; (ii) increased by $4,636.68 for one (1) day of legal work to review a file; and (iii) are certainly not reasonable or in accordance with the declaration of the association.

62. The Demand Letters include threats of legal action to be taken by Concord Station when in fact Concord Station is not a registered Florida entity and had no legal right or authority to bring legal action against Ms. Borkowski, either now or when the threats were made.

63. ALG had actual knowledge of the Demand Letters as it knew (i) that its client, Concord Station was not a legal entity; and (ii) that the amount ALG purportedly charged in attorney's fees and costs on this file was completely unreasonable, excessive and inflated, yet still knowingly sent, or caused to be sent, the Demand Letters.

64. The illegal amounts sought in the Demand Letters are substantial and material.

65. ALG's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

66. ALG's business practices and actions were either intentional or grossly negligent.

67. As a result of the Debt Collection Conduct and ALG's violation of the FCCPA, Ms. Borkowski has been damaged, and ALG is liable to Ms. Borkowski for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

68. Ms. Borkowski has suffered injuries, including but not limited to negative remarks on credit, emotional distress, and anxiety attacks.

69. Ms. Borkowski (a) is entitled to collect her attorney's fees and costs pursuant to Florida Statutes §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

70. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, BARBARA BORKOWSKI, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## COUNT III
### (Ms. Borkowski vs. Concord Station)
### (Violation of the FCCPA)

71. Ms. Borkowski incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

72. This is an action against Concord Station for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

73. At all times material hereto: (a) Ms. Borkowski is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA, namely homeowner association fees and other associated fees related to Ms. Borkowski's homestead property; and (c) Ms. Borkowski is a 'person' within the meaning of the FCCPA.

74. The Alleged Consumer Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by

Ms. Borkowski for personal, family or household purposes, namely purported fees related to Ms. Borkowski's residence.

75. Concord Station is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 et seq.

76. Concord Station engaged in consumer debt collection activities against Ms. Borkowski regarding amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

77. The Debt Collection Conduct includes Concord Station's wrongful attempts to collect the Alleged Consumer Debt from Ms. Borkowski.

78. The Debt Collection Conduct includes the Demand Letters ALG sent to Ms. Borkowski on behalf of Concord Station.

79. Concord Station caused the Demand Letters to be sent to Ms. Borkowski, and ALG sent the Demand Letters to Ms. Borkowski on behalf of Concord Station.

80. The Demand Letters constitute "communication" as defined by Florida Statutes, §559.55(5).

81. The Demand Letters include completely unreasonable charges for attorney's fees and costs which were: (i) over three (3) times the amount of fees actually incurred over what was demanded pursuant to the First Demand Letter; (ii) increased by $4,636.68 for one (1) day of legal work to review a file; and (iii) are certainly not reasonable or in accordance with the declaration of the association.

82. The Demand Letters include threats of legal action to be taken by Concord Station when in fact Concord Station is not a registered Florida entity and had no legal

right or authority to bring legal action against Ms. Borkowski, either now or when the threats were made.

83. Concord Station had actual knowledge of the Demand Letters as it knew (i) Concord Station was not a legal entity; and (ii) that the amount it authorized ALG to charge in attorney's fees and costs on this file was completely unreasonable, excessive and inflated, yet still knowingly sent, or caused to be sent, the Demand Letters.

84. The illegal amounts sought in the Demand Letters are substantial and material.

85. Concord Station's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to *"[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."*

86. Concord Station's business practices and actions were either intentional or grossly negligent.

87. As a result of the Debt Collection Conduct and Concord Station's violation of the FCCPA, Ms. Borkowski has been damaged, and Concord Station is liable to Ms. Borkowski for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

88. Ms. Borkowski has suffered injuries, including but not limited to negative remarks on credit, emotional distress, and anxiety attacks.

89. Ms. Borkowski (a) is entitled to collect her attorney's fees and costs pursuant to Florida Statutes §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers

in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

90. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, BARBARA BORKOWSKI, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

FLORIDA CONSUMER LAWYERS

By: / s /    Sami Thalji
Sami Thalji, Esquire, Lead Trial Counsel
Florida Bar No.:165913
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: service@floridacl.com
Counsel for Plaintiff